IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Valentine Pineda, | ) | C/A No. 1:05-1856-CMC |
| | ) | Cr. No. 1:99-714 |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| -versus- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal inmate proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2255. The Petition was filed in this court on June 27, 2005, and follows on the heels of the denial of a previous petition filed by Petitioner in April 2005. *See* Pineda v. United States, D.S.C. C/A No. 1:05-1023-CMC. Respondent filed a response July 25, 2005, seeking dismissal because of the successive nature of the petition. An order was issued July 25, 2005 pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), explaining the importance of responding to the motion, and the proper method for doing so. Petitioner has not responded, and the time for doing so has expired. For the reasons stated below, this petition is dismissed.

Petitioner's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the instant petition in the district court is fatal to the outcome of any action on the petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Petitioner must obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. §

2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.

If the petition were not successive, it would be untimely. The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on petitions under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255. Therefore, unless subject to an exception under the AEDPA, a petitioner must file an application for relief under § 2255 within one year of his or her conviction becoming final.

Petitioner entered a guilty plea on January 3, 2000 to a violation of 21 U.S.C. § 846. On March 24, 2000, he was sentenced to 240 months imprisonment, followed by ten (10) years supervised release.[1] Petitioner did not appeal his conviction or sentence, and did not file the instant § 2255 petition until June 27, approximately five (5) years after his conviction became final.

---

[1] Petitioner was also ordered to surrender for deportation at the conclusion of his sentence.

Petitioner asserts that the Supreme Court's decision in *United States v. Booker*, 543 U.S. ____, 125 S. Ct. 738 (2005), should be retroactively applied to his case. However, while seemingly fortuitous for Petitioner, the *Booker* decision applies only to those cases on direct appeal, *see Booker*, 125 S. Ct. at 768, the time for which is long past for Petitioner.

IT IS THEREFORE ORDERED that this petition is dismissed as this court is without jurisdiction to consider it.

**IT IS SO ORDERED**.

                                                  s/ Cameron McGowan Currie
                                                  CAMERON McGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 1, 2005

C:\temp\notesFFF692\05-1856 Pineda v. US e dism as successive.wpd