IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Valentine Pineda, | ) | C/A No. 1:05-1856-CMC |
| | ) | Cr. No.  1:99-714 |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| -versus- | ) | |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a federal inmate proceeding *pro se*, has filed a motion entitled "Petitioner's Rule 60(b)(4)(5) Fed. R. Civ. P. To Void The Mandate And Remand For Resentencing." The underlying petition was dismissed by this court on September 1, 2005. The assertions in the current motion are repetitive of the allegations contained in the original petition, as Petitioner again seeks to have this court apply the recent Supreme Court cases of *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), to his circumstance.[1]

Petitioner had made no showing under Rule 60(b)(4) or (5) of the Federal Rules of Civil Procedure sufficient to warrant any grant of relief. Additionally, Petitioner's motion is merely an attempt to find some relief under the recent *Blakely* and *Booker* cases. In this regard, the Fourth Circuit Court of Appeals has directed that district courts ascertain and address whether Rule 60(b) motions are, in reality, second or successive petitions under § 2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). *See also Gonzalez v. Crosby*, 125 S.Ct. 2641, 2648 (2005). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive

---

[1]This is the fourth matter relating to Petitioner's conviction and sentence that Petitioner has filed in this court since January, 2005. *See* Pineda v. United States, D.S.C. C/A No. 1:05-1023-CMC; Pineda v. United States, D.S.C. C/A No. 1:05-1856-CMC, and; Pineda v. United States, D.S.C.C/A No. 1:05-2633-CMC.

application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion for reconsideration." *Winestock*, 340 F.3d at 207.

Petitioner's allegations are successive in nature for the reasons stated in this court's September 1, 2005 order. Petitioner's allegations relate to "the validity of the underlying criminal judgment and do not suggest that [Petitioner] was denied a fair opportunity to seek relief through § 2255." *Winestock*, 340 F.3d at 208. In light of the successive nature of this motion, the court is without jurisdiction to consider Petitioner's claims.

The court is cognizant of the Fourth Circuit's directive that notice be provided to a petitioner of the court's intent "to convert[ ] a prisoner's mislabeled or unlabeled post-conviction motion into the movant's *first* § 2255 motion . . . ." *United States v. Emmanuel*, 288 F.3d 644, 646 (4th Cir. 2002) (emphasis added). Though the *Emmanuel* court did find that a district court must provide notice before construing a mislabeled prisoner filing as a § 2255 petition, *see id.* at 649-50, the court also declared such notice unnecessary if no potential adverse consequences occur to the prisoner as a result. *See id.* In this case, Petitioner is barred from bringing these claims because they are successive; therefore, no adverse consequences befall him if this court construes the motion as a successive petition under § 2255.

Additionally, Petitioner's failure to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition in the district court would be fatal to the outcome of any action on the petition in this court. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Petitioner "shall move in the appropriate court of appeals for an

order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This he has not done.[2]

Petitioner asserts that the Supreme Court's decisions in *Blakely* and *Booker* should be retroactively applied to his case. However, while seemingly fortuitous for Petitioner, the *Booker* decision applies only to those cases on direct appeal. *See Booker*, 543 U.S. at ___, 125 S. Ct. at 769. Additionally, the Fourth Circuit recently has ruled that the *Booker* decision is not retroactively applicable to those cases on collateral review. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005).

---

[2]If the petition were not successive, it would be untimley, as was his previous petition. The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), imposed a one-year statute of limitations on petitions under 28 U.S.C. § 2255. Pursuant to the AEDPA, the limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255. Therefore, unless subject to an exception under the AEDPA, a petitioner must file an application for relief under § 2255 within one year of his or her conviction becoming final.

Petitioner entered a guilty plea on January 3, 2000 to a violation of 21 U.S.C. § 846. He was sentenced on March 24, 2000. Petitioner did not appeal his conviction or sentence.

**IT IS THEREFORE ORDERED** that Petitioner's motion is to be construed as a successive petition for relief pursuant to 28 U.S.C. § 2255, and is dismissed as this court is without jurisdiction to consider it.

**IT IS SO ORDERED**.

               s/ Cameron McGowan Currie
               CAMERON McGOWAN CURRIE
               UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 17, 2006

C:\temp\notesB0AA3C\05-1856 Pineda v. USA e 60(b) motion dismissed as successive petition.wpd